IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY T. LEWIS,  )
 )
         Plaintiff,  )
 )
   vs.  )   Civil Action No.  1:12-210
 )
CAROLYN COLVIN, Acting Commissioner  )
of Social Security,[1]  )
 )
         Defendant.  )
 )

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 12) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 10).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. Plaintiff applied for DIB and SSI on or about December 4,

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

2008. (R. 153-162). In his applications, he alleged that since May 15, 2008, he had been disabled due to diabetes with neuropathy, depression, anxiety, and a learning disability. (R. 175). Administrative Law Judge ("ALJ") Timothy McGuan held a hearing on July 27, 2010, at which Plaintiff was represented by counsel. (R. 40-78). Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. (R. 68-75). In a decision dated September 28, 2010, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. (R. 30-39). Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on July 16, 2012, the Appeals Council denied Plaintiff's request for review. (R. 1-3). Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by

treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).

3

Dobrowolsky, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.  WHETHER THE ALJ PROPERLY SUPPORTED HIS RESIDUAL FUNCTIONAL CAPACITY FINDING WITH SUBSTANTIAL RECORD EVIDENCE**

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that he needed the accommodation of alternating at will between sitting and standing or walking; he could occasionally understand, remember, and carry out complex and detailed tasks; he could occasionally interact with the public; and he could occasionally perform postural activities, except that he could not climb ladders, ropes, or scaffolds.  (R. 34).  Plaintiff argues that this RFC finding is deficient because the ALJ improperly rejected the opinions of Plaintiff's treating mental health providers, Drs. Fokstuen and Neerukonda, without identifying any contrary medical evidence.  Pl.'s Br. (ECF No. 11) at 11-12.[2]  This argument is without merit.

As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'"  Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)).  However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence.  Id.  Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

---

[2] Plaintiff does not challenge the ALJ's findings regarding his physical impairments and resulting limitations. Accordingly, I address only Plaintiff's mental impairments herein.

Becker v. Comm'r of Social Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Security, 577 F.3d 500, 505 (3d Cir. 2009). Here, contrary to Plaintiff's assertions, the ALJ adequately explained his reasons for declining to give great weight to the opinions of Drs. Fokstuen and Neerukonda and supported those reasons with substantial record evidence, including contrary medical evidence.

First, Plaintiff contends that the ALJ erroneously rejected an employability form for the Bradford County Assistance Office of the Pennsylvania Department of Welfare that psychiatrist Terje Fokstuen completed in November, 2008, on which he checked a box stating that Plaintiff was "permanently disabled." R. 36, 256-258. In support of this argument, Plaintiff incorrectly represents that the ALJ rejected Dr. Fokstuen's opinion because "it lacked basis and that Dr. Fokstuen had no other treatment records in evidence." Pl.'s Br. (ECF No. 11) at 11. In actuality, the ALJ appropriately rejected the opinion in its entirety because the form itself was "not accompanied by supporting evidence as would be found in treatment records." (R. 36). Although the record includes other treatment records from Dr. Fokstuen and his associates, those records were not part of and did not accompany the bare-bones DPW form.[3] As the Court of Appeals for the Third Circuit has recognized, "check-the-box" forms such as this are inherently suspect and are "weak evidence at best." See Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993); Grogan v. Comm'r of Social Security, 459 F. App'x 132, 138 n.7 (3d Cir. 2012); see also Gibson v. Astrue, Civ. A. No. 09-1227, 2010 WL 1257456, at *13-*14 (W.D. Pa. Mar. 30, 2010)

---

[3] Contrary to Plaintiff's assertions in his brief, the ALJ did not state that Dr. Fokstuen had no other treatment records in evidence. As set forth above, the ALJ stated only that the DPW form itself was unaccompanied by supporting evidence. The ALJ not only acknowledged the existence of treatment records from Dr. Fokstuen and his associates in his opinion, but also cited to them repeatedly throughout. (R. 33, 35-36, citing Exhibits 3F, 5F, 15F, 19F). Incidentally, those records do not impose any work limitations or otherwise support a finding of "permanent disability" within the meaning of the Act.

(ALJ did not err by giving little weight to DPW check-the-box form).  Further, the ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work."  See 20 C.F.R. §§ 404.1527(d)(1), (3); 416.927(d)(1), (3); Dixon v. Comm'r of Social Security, 183 F. App'x 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").  For all of these reasons, the ALJ's rejection of the DPW form was proper and supported by substantial evidence.

Second, Plaintiff argues that the ALJ erroneously rejected the opinion of psychiatrist Sampath Neerukonda who examined Plaintiff on February 22, 2010 and April 19, 2010.  Pl.'s Br. [ECF No. 11], at 11-12.  In addition to three pages of examination notes, Dr. Neerukonda completed a "treating medical source statement regarding the nature and severity of an individual's mental impairments" on April 19, 2010 stating that Plaintiff was markedly limited in his ability to understand and remember short, simple instructions and detailed instructions; and in his ability to respond appropriately to changes in a routine work setting.  (R. 440-445).  The form also stated that Plaintiff had extreme limitations in his ability to:  carry out detailed instructions; make judgments on simple, work-related decisions; interact appropriately with the public, supervisors, and co-workers; and respond appropriately to work pressures in a usual work setting.  (R. 443-445).  Dr. Neerukonda further opined on the form that he thought Plaintiff was likely to call off work four days out of a five-day workweek and would be medically unable to complete a full workday five days out of a five-day workweek.  (R. 445).  Near the end of the form, Dr. Neerukonda wrote, "I don't think he is able to work at all" due to his limitations.  Id.  The ALJ dismissed Dr. Neerukonda's opinion "out of hand" because it was "grossly inconsistent" with Dr. Neerukonda's own treatment records that accompanied the assessment as well as with the GAF scores in the 65-70 range that Dr. Neerukonda assigned.  (R. 36-37).

Plaintiff argues that the ALJ erred in rejecting Dr. Neerukonda's opinion because he failed to recontact Dr. Neerukonda to clarify any perceived ambiguity in that opinion and failed to identify any contrary medical evidence. ECF No. 11 at 12. This argument is without merit. As an initial matter, the ALJ did not reject Dr. Neerukonda's opinion because it was ambiguous. Rather, as set forth above, he dismissed the opinion because it was inconsistent with Dr. Neerukonda's own treatment records as well as the high GAF scores that Dr. Neerukonda assigned. (R. 36-37). The record evidence supports the ALJ's decision. For example, Dr. Neerukonda's records reflect that, although Plaintiff had a depressed mood and anxious affect upon examination, he also was alert, awake and responsive; was oriented to place and person; had coherent, logical, and relevant speech; had no loosening of association or flight of ideas; had no paranoia or suicidal thoughts; and had fair cognition. (R. 440-442). Plaintiff denied to Dr. Neerukonda ever being depressed. (R. 441). The ALJ also cited evidence that Plaintiff lacked motivation to work such as Plaintiff's statements to Dr. Neerukonda that "he has always had a problem holding a job, because after a while he does not care about the job" and that he had applied for disability and was hoping it would work out. (R. 34-35, 441). With respect to Plaintiff's GAF scores, Dr. Neerukonda gave Plaintiff a score of 60-70, indicating primarily mild difficulty.[4] (R. 37, 442).

It is well-established that an ALJ may reject a treating physician's opinion that is inconsistent with the other medical evidence of record, including that physician's own progress notes. See, e.g., Plummer v. Apfel, 186 F.3d 422, 430 (3d Cir. 1999); Burke v. Comm'r Soc. Security, 317 F. App'x 240, 243-44 (3d Cir. 2009). Because the ALJ adequately explained his reasons for rejecting the opinions in Dr. Neerukonda's medical source statement and identified

---

[4] The GAF scale is used by clinicians to report an individual's overall level of functioning. See Cainglit v. Barnhart, 85 F. App'x 71, 74-75 (10th Cir. 2003). A GAF score of 51-60 denotes "moderate symptoms . . . OR moderate difficulty in social, occupational, or school functioning," and a score of 61-70 indicates "some mild symptoms . . . OR some difficulty in social, occupational, or school functioning . . . , but generally functioning pretty well, has some meaningful relationships." See DSM-IV-TR, at 34.

significant examples of medical evidence inconsistent with and contrary to that opinion, including Dr. Neerukonda's own treatment notes, I find no error on this issue.

**B.  WHETHER THE ALJ IMPROPERLY DISREGARDED SUBSTANTIAL EVIDENCE FROM PLAINTIFF'S TREATING PHYSICIAN THAT SUPPORTS A FINDING OF DISABILITY**

Plaintiff's second and final argument is that substantial medical evidence of record establishes that the combination of his impairments and nonexertional and exertional limitations preclude his ability to maintain competitive employment at any exertional level; therefore, the ALJ erred in finding to the contrary. Pl.'s Br. [ECF No. 11] at 12-15. This argument is without merit. As an initial matter, Plaintiff's primary support for this argument is Dr. Neerukonda's 2010 medical source statement regarding Plaintiff's mental health limitations. (R. 443-445). For the reasons previously discussed, however, the ALJ appropriately discredited that opinion as inconsistent with Dr. Neerukonda's own treatment records and GAF score. (R. 36-37). Contrary to Plaintiff's assertions, the ALJ's analysis in this regard was consistent with applicable regulations and policy interpretations. See 20 C.F.R. §§ 404.1527, 416.927 (treating physician opinions not entitled to controlling weight unless well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence of record; less weight given to medical opinions unsupported by and/or inconsistent with the record as a whole); S.S.R. 96-2p (a case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion); S.S.R. 96-5p (adjudicators must weigh medical source statements under the rules set forth in 20 C.F.R. §§ 404.1527 and 416.927, providing appropriate explanations for accepting or rejecting such opinions).

To the extent Plaintiff further argues that the ALJ failed to follow Social Security Ruling 85-15 (Pl.'s Br. at 14), that argument is likewise misplaced. Social Security Ruling 85-15 addresses "the medical-vocational rules as a framework for evaluating solely nonexertional

impairments." S.S.R. 85-15. Although this ruling clarifies policies applicable in cases involving mental impairments, nothing in the ruling mandates a finding of disability in this case. As noted in Plaintiff's brief, the ruling states, inter alia, that "the mentally impaired *may* have difficulty meeting the requirements of even so-called 'low-stress' jobs." S.S.R. 85-15 (emphasis added). It does not stand for the proposition that the mentally impaired cannot meet such demands in every case. To the contrary, the ruling emphasizes that it "is not intended to set out any presumptive limitations for disorders, but to emphasize the importance of thoroughness in evaluation on an individualized basis." Id. Again, the ALJ conducted a thorough, individualized evaluation in this case.

In short, the ALJ thoroughly discussed and considered Plaintiff's mental health symptoms and limitations in determining his RFC. After careful analysis of Plaintiff's testimony and the record evidence, the ALJ found that in addition to restrictions related to his physical impairments, Plaintiff could only occasionally understand, remember and carry out complex and detailed tasks; and could only occasionally interact with the public. (R. 34). The evidence the ALJ considered in reaching this conclusion consisted of, inter alia, medical records and progress notes from Plaintiff's treating physicians, including the physicians at The Guidance Center and Dr. Neerukonda; as well as Plaintiff's GAF scores over time. See R. 34-37 (citing record evidence).[5] As explained above, the ALJ properly determined that the record evidence did not support more severe limitations. For all of these reasons, I find that substantial evidence supports the ALJ's RFC determination and that Plaintiff's arguments to the contrary are without merit.

---

[5] The ALJ also cited evidence of malingering and untruthfulness on the part of Plaintiff with respect to the extent of his disability and motivation to work. See R. 34-37 (citing record evidence).

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY T. LEWIS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　) 　Civil Action No.   1:12-210
　　　　　　　　　　　　　　　　　　　)
CAROLYN COLVIN, Acting Commissioner )
of Social Security,[1]　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 13th day of January, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 10) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 12) is GRANTED.

　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　/s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　U.S. Senior District Judge

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).